UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
RAYMOND BOUTTE,                                             :
:
                Petitioner,            :
:    07 Civ. 8412 (GEL)
           -v.-                                :
:    **OPINION AND ORDER**
THOMAS POOLE,                                               :
:
                Respondent.            :
:
------------------------------------------------------------x

Michael H. Sporn, New York, NY, for petitioner.

Andrew M. Cuomo, Attorney General, New York (Alyson J. Gill, Thomas B. Litsky, Assistant Attorneys General, of counsel), New York, NY, for respondent.

GERARD E. LYNCH, District Judge:

      Raymond Boutte, a New York State prisoner, petitions for habeas corpus, challenging his conviction and sentence as a persistent violent felony offender to a term of 20 years to life in prison. The petition will be denied.

      Boutte was convicted in 1998 of Robbery in the First Degree for robbing a parking lot attendant. He had at least two previous convictions: in 1985, he pled guilty to Attempted Criminal Possession of a Weapon in the Third Degree and was sentenced to imprisonment for two to four years, and, in 1989, he pled guilty to Attempted Robbery in the Second Degree and was sentenced as a second violent felony offender to imprisonment for two and one-half to five years.[1] Because of these prior convictions, upon his 1998 robbery conviction he was sentenced

---

[1] The record before this Court does not contain a complete statement of Boutte's criminal record. The two prior convictions referred to are those that were referenced in connection with

to twenty years to life in prison as a persistent violent offender. His conviction and sentence were affirmed by the Appellate Division, and leave to appeal to the Court of Appeals was denied. People v. Boutte, 757 N.Y.S.2d 283 (1st Dept. 2003), lv. denied, 100 N.Y.2d 579 (2003). Various subsequent post-trial motions were also denied by the state courts.

Boutte's central claim is that he was improperly sentenced as a persistent violent felony offender because his 1985 conviction was not a conviction for a violent felony. This argument is not cognizable on habeas corpus, for two separate reasons. First, the claim presents exclusively a question of state law, and thus may not be a basis for federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Second, the Appellate Division's rejection of this argument was based on an independent and adequate state procedural ground, as the court ruled that Boutte was "precluded by statute from contesting the use of his 1985 conviction as a predicate conviction since he had previously been adjudicated a second violent felony offender in 1989 based on that conviction." Boutte, 757 N.Y.S.2d at 283, citing N.Y. Crim. Proc. Law §§ 400.15(8) and 400.16(2). The statutory bar is a clearly-applicable, regularly-applied New York rule, and the state court's reliance on it precludes habeas review. Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003).

Nor does the claim, however construed, have merit. There is some ambiguity about the argument Boutte intends to make. His petition states only that his sentence was erroneous because his 1985 conviction "was not a violent felony," without further elaboration or argument.

---

Boutte's 1998 sentence as a second violent offender challenged in the instant petition. A judicial opinion submitted by Boutte with his reply brief refers to yet another conviction, in 1982, for Criminal Possession of a Weapon in the Second Degree. (See Letter of Michael H. Sporn, Esq., to the Court, dated July 28, 2008 ("Sporn Letter"), Ex. B, at 2.)

(Pet. at 6, ¶ 12, Ground One (a).)  Boutte further affirms, however, that the issue he is presenting was raised on his direct appeal.  (Id. Ground One (c).)  The only basis asserted in his appellate brief for the claim that his 1985 conviction was not a violent felony is the argument that his plea allocution failed to establish that he knew or believed that the loaded gun he admitted possessing was operable.  (Appellate Division brief, Ex. A to Declaration of Thomas Litsky, dated May 23, 2008 ("Litsky Decl."), at 62-63.)  As the Appellate Division alternatively ruled, 757 N.Y.S.2d at 283, this contention is incorrect on the merits.  At his 1985 guilty plea, Boutte admitted that he possessed a pistol outside of his home or place of business and knew that it was loaded.  Although he stated that he did not know whether the gun was operable, he acknowledged that he had "no reason to quarrel with" the finding of a police ballistics expert that the gun was operable.  (1985 Plea Transcript, Litsky Decl. Ex. U, at 3-4.)  As a matter of state law, although it is an element of Criminal Possession of a Weapon in the Third Degree that the weapon be operable, People v. Hechavarria, 551 N.Y.S.2d 922, 924 (1st Dept. 1990), a defendant's *knowledge* that the weapon was operable is not required.  People v. Ansare, 468 N.Y.S.2d 269, 97-98 (4th Dept. 1983).  Accordingly, Boutte's allocution was entirely satisfactory to establish the elements of then-subdivision 4 of NYPL § 265.02, which at the time was listed as a violent felony when the conviction was as a lesser-included-offense under NYPL § 70.02(1)(c).[2]

---

[2] At the time of Boutte's conviction, § 70.02(1)(d) provided that Attempted Criminal Possession of a Weapon in the Third Degree was classified as a violent felony offense when a defendant was convicted of it as a lesser included offense within the completed possession offense, as defined in certain specific subsections of NYPL § 265.02, including then-subsection 4.  See People v. Dickerson, 85 N.Y.2d 870, 871-72 (1995) (explaining § 70.02(1)(d)).  More recently, subdivision 4 was repealed, and the offense of possession of a loaded firearm outside the possessor's home or place of business has been upgraded to Criminal Possession of a Weapon in the Second Degree.  NYPL § 265.03(3).

In his reply submission, however, Boutte makes a different argument, contending that his 1985 conviction was not for a violent felony because he was convicted not under then-subdivision four of NYPL § 265.02, which was listed as a violent felony, but under subdivision one of that statute, which is not so listed.[3]  In support of this contention, he submits a copy of the certificate of disposition for his 1985 case, which appears to reflect a conviction under subdivision one (Sporn Letter Ex. A), and an opinion of the New York Supreme Court for Queens County, rejecting a motion to set aside his 1989 conviction, which appears to accept the contention that the 1985 conviction was not for a violent felony (id. Ex. B).[4]  This argument too is unavailing.

While the certificate of disposition does identify subdivision 1 as the offense of conviction for  the 1985 offense, the state sentencing court in the present case fully considered and specifically rejected Boutte's argument that the certificate provides conclusive evidence that his 1985 conviction was for a non-violent felony.  In denying Boutte's motion to reargue the denial of his state motion to vacate his sentence, the New York County Supreme Court ruled as follows:

> The issue of whether the conviction under Ind. No. 7355/84 was a
> violent felony conviction was fully litigated before this court prior
> to sentencing int his case.  As set out in my decision of March 18,
> 1998, Ind. No. 7355/84 charged the defendant with Criminal
> Possession of a Weapon in the Third Degree under [NY]PL §

---

[3] Subdivision 1 of § 265.02 defines as Criminal Possession of a Weapon in the Third Degree the possession of any firearm by a person who has previously been convicted of a crime.

[4] The Queens court rejected defendant's motion on the ground that Boutte was a second violent felony offender at the time of his 1989 conviction in any event, because of yet another prior violent felony offense – a 1982 conviction for Criminal Possession of a Weapon in the Second Degree.  (Sporn Letter Ex. B at 2-3.)

> 265.02(4). Because he was charged under that section, defendant could not legally plead guilty to an E felony that was not a violent felony. See [NY]CPL § 220.10(5)(d). Judge Soloff specifically advised the defendant that he was pleading to a violent felony, and that he would be a persistent violent felon if subsequently convicted of another violent felony. [Boutte] stated that he understood. He allocuted to facts constituting all of the elements of Criminal Possession of a Weapon in the Third Degree under PL § 265.02(4). The notation on a Certificate of Disposition does not alter these underlying facts and circumstances.

Order of Sept. 7, 2005, People v. Boutte, Ind. No. 3095/96 (Litsky Decl. Ex. I), at 1-2.

Thus, the state courts have determined that as a matter of fact and as a matter of state law, Boutte's 1985 conviction was, notwithstanding the certificate of disposition, a conviction under subdivision 4 that counted as a violent felony. As it cannot be said that this determination was "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," 28 U.S.C. § 2254(d)(2), or that the evidence presented in this proceeding – the same certificate of disposition relied upon and rejected in the state court – constitutes clear and convincing evidence rebutting the presumption of correctness of the state court's finding, id. § 2254(e)(1), there is no basis for habeas relief.

The rejection of Boutte's sentencing argument compels rejection in turn of Boutte's second argument, that his trial and appellate counsel rendered ineffective assistance. The only fault ascribed to counsel is that his trial lawyer failed to unearth before trial the argument that his 1985 conviction should not be considered a violent felony (at which point, Boutte argues, the argument could have served as leverage to negotiate a favorable plea agreement), and that his appellate lawyer failed to urge the resulting ineffectiveness of trial counsel. (Pet. at 8, Ground Two, ¶ (a).) Even putting aside the fact that trial counsel in the present case *did* object to consideration of the 1985 conviction at sentencing (Litsky Decl. Ex. S), respondent's argument

5

that the ineffective assistance arguments have not been fully exhausted (Resp. Br. 24-25), and the completely speculative nature of Boutte's suggestion that raising the objection pre-trial could have led to a favorable disposition, the claims of ineffectiveness are plainly without merit. To establish ineffective assistance of counsel, a petitioner must show both that his attorney provided deficient representation and that he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 686 (1984). Here, since the substantive argument advanced by Boutte is without merit, trial counsel's failure to raise it earlier than he did could not have prejudiced Boutte, and since there was thus no merit to the claim of trial counsel's ineffectiveness, appellate counsel cannot be faulted for failure to assert it.

Finally, Boutte claims that New York's persistent violent felony offender sentencing statute, NYPL § 70.08, is unconstitutional because it denies him a right to a jury trial under the doctrine of Apprendi v. New Jersey, 530 U.S. 466 (2000). (Pet. at 9, Ground Three, ¶ (a).) The statute requires that, when the sentencing court finds that a person who "stands convicted of a violent felony offense" has "previously been subjected to two or more predicate violent felony convictions," NYPL § 70.08(1)(a), then it "must impose an indeterminate sentence of imprisonment, the maximum term of which shall be life imprisonment," id. § 70.08(2), and the minimum term of which depends upon the nature of the violent felony offense for which the defendant stands convicted, id. § 70.08(3).

In his reply submission, Boutte admits that this argument "does not appear to have traction on further review." (Sporn Letter at 3 n. 1.) The concession is well taken. Apprendi expressly requires submission to a jury of any fact that permits an increase in the maximum penalty for a crime *"[o]ther than the fact of a prior conviction."* 530 U.S. at 490 (emphasis

6

added). Although the exception has been subject to criticism, see, e.g., id. at 507 (Thomas, J., concurring) (arguing that "the fact of a prior conviction" should be treated "just as any other fact that increased the punishment by law"), the Supreme Court has adhered to the holding of Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998), which upholds the constitutionality of statutes increasing sentences based on non-jury findings of prior convictions. See Apprendi, 530 U.S. at 488-89 (reaffirming Almendarez-Torres). In consequence, "district courts in this circuit have routinely rejected . . . challenges to § 70.08 based on Apprendi." Francischelli v. Potter, No. 03 Civ. 6091, 2007 WL 776760, at *9 (E.D.N.Y. March 12, 2007) (collecting cases).[5]

While the Second Circuit has not addressed the validity of § 70.08, it has rejected habeas corpus claims under Apprendi addressed to New York's parallel discretionary recidivist enhancement statute, NYPL § 70.10, on the ground that a finding of prior convictions of violent felonies need not be made by a jury. Brown (Rudolf) v. Miller, 451 F.3d 54, 59 (2d Cir. 2006); Brown (Nelson) v. Greiner, 409 F.3d 523, 534 (2d Cir. 2005). See also People v. Rivera, 5 N.Y.3d 61 (2005) (upholding constitutionality of § 70.10); Bailey v. Rivera, No. 07 Civ. 2181, 2007 WL 3120904, at *3-8 (S.D.N.Y. Oct. 24, 2007) (rejecting habeas challenge to § 70.10).

---

[5] See also, e.g., Solomon v. Greene, No. 05 Civ. 10894, 2008 WL 2018207, at *6 (S.D.N.Y. May 7, 2008); Quan v. Potter, No. 06 Civ. 4841, 2007 WL 3223217, at *7 (E.D.N.Y. Oct. 29, 2007); Norris v. Fischer, No. 06 Civ. 2190, 2007 WL 1452127, at *8 (E.D.N.Y. May 15, 2007); Wicks v. Miller, No. 05 Civ. 5341, 2007 WL 1434992, at *8 (S.D.N.Y. May 15, 2007); Hayes v. Ercole, No. 06 Civ. 4073, 2007 WL 2403339, at *9 (S.D.N.Y. Aug. 20, 2007); Alexander v. Ercole, No. 06 Civ. 3377, 2007 WL 922419, at *7 (E.D.N.Y. Mar. 27, 2007); Cruz v. Filion, 456 F. Supp. 2d 474, 482-83 (S.D.N.Y. 2006); Wheeler v. Phillips, No. 05 Civ. 4399, 2006 WL 2357973, at *12 (E.D.N.Y. Aug. 15, 2006); James v. Artus, No. 03 Civ. 7612, 2005 WL 859245, at *16 (S.D.N.Y. Apr. 15, 2005); Long v. Donnelly, 335 F. Supp. 2d 450, 465-66 (S.D.N.Y. 2004).

Unlike § 70.10, which contains additional elements giving at least some color to an Apprendi argument, see Portalatin v. Graham, 478 F. Supp. 2d 385, 394 (E.D.N.Y. 2007) (arguing that § 70.10 is unconstitutional), § 70.08 is a straightforward recidivism statute that enhances a defendant's liability based solely on a finding of prior convictions under specific statutes. The Second Circuit's decisions upholding § 70.10 thus further confirm, *a fortiori*, the constitutionality of § 70.08.[6]

Accordingly, as Boutte's arguments all lack merit, the petition for habeas corpus is denied. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. Petitioner may, however, pursue any further appellate remedies in forma pauperis.

SO ORDERED.

Dated: New York, New York
       August 4, 2008

                                                                                  GERARD E. LYNCH
                                                                                  United States District Judge

---

[6] Notably, Judge Gleeson, the author of Portalatin, had no difficulty upholding the constitutionality of § 70.08. Quan v. Potter, 2007 WL 3223217, at *7; Norris v. Fischer, 2007 WL 1452127, at *8; Alexander v. Ercole, 2007 WL 922419, at *7.